# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-CR-0056-CVE |
| | ) | |
| SCOTT FREDERICK ARTERBURY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court are defendant Scott Frederick Arterbury's motion for release on bond with conditions pending appeal (Dkt. # 35) and unopposed motion, in the alternative, to be allowed to self-report to the [Bureau of Prisons] BOP facility (Dkt. # 36).

## I.

On December 7, 2015, in a separate case, a grand jury indicted defendant on one count of possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). See United States of America v. Scott Frederick Arterbury, 15-CR-182 (N.D. Okla. filed Dec. 7, 2015) (Arterbury I), Dkt. # 14. Defendant filed a motion to suppress the photos and videos of child pornography that the Federal Bureau of Investigation obtained in searching his residence and computer. Id. at Dkt. # 33. For reasons explained in the Court's earlier opinion and order in this case (see Dkt. # 23, at 1-4), the magistrate judge handling pretrial matters in Arterbury I issued a report and recommendation that the district judge grant defendant's motion, and the district court accepted the magistrate judge's report and recommendation and granted defendant's motion to suppress. Arterbury I, 15-CR-182, at Dkt. # 42; Dkt. # 47. After the district court denied plaintiff's motion to reconsider the suppression order, on July 26, 2016, plaintiff filed a notice of interlocutory appeal in the Tenth Circuit, challenging the suppression order. Id. at Dkt. ## 55-56. But shortly thereafter,

plaintiff moved to voluntarily dismiss its interlocutory appeal and, in the district court, moved to voluntarily dismiss the indictment. Id. at Dkt. # 63, Dkt. # 66. On October 20, 2016, the Tenth Circuit dismissed plaintiff's interlocutory appeal. Id. at Dkt. # 63. On November 10, 2016, the district court dismissed the indictment, "without prejudice to re-filing same." Id. at Dkt. # 67.

Plaintiff's effort to hold defendant accountable for his alleged possession of child pornography, however, would not end there. On July 21, 2017, the Tenth Circuit issued an opinion in United States v. Workman, 863 F.3d 1313 (10th Cir. 2017), cert. denied, 2018 WL 1786016 (U.S. Apr. 16, 2018), which, also as explained in the Court's earlier opinion and order in this case (see Dkt. # 23, at 1-4), overruled the legal basis upon which defendant's motion to suppress in Arterbury I was granted. Accordingly, plaintiff believed it was entitled to reprosecute defendant for the conduct charged in Arterbury I. Dkt. # 17, at 1-2. And, on March 7, 2018, a separate grand jury returned an indictment identical to the indictment in Arterbury I, charging one count of possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) . Dkt. # 17, at 1-2; Dkt. # 2.[1]

Defendant filed a motion to enforce the Arterbury I suppression order on the ground of collateral estoppel (Dkt. # 13), and, in the alternative, to suppress evidence and request for an evidentiary hearing (Dkt. # 14). The Court denied both. Dkt. # 23. Shortly thereafter, defendant entered into a conditional plea agreement with plaintiff, in which defendant agreed to plead guilty to the count in the indictment but reserved his right, inter alia, to appeal the Court's denial of his pretrial motions. Dkt. # 27, at 1-3.

---

[1]  Plaintiff filed a notice of related case, acknowledging that the instant matter is based on the same facts as Arterbury I. Dkt. # 5.

**II.**

Defendant argues that the Court, under 18 U.S.C. § 3143(b) as interpreted by United States v. Affleck, 765 F.2d 944 (10th Cir. 1985), should release him on bond with conditions pending appeal of his sentence because he is not a flight risk or danger to the community, and his appeal is not for the purpose of delay and raises a substantial question of law. Dkt. # 35, at 3-6. Defendant asserts that he has established by clear and convincing evidence that he is not a flight risk or a danger to the community because, at all relevant times, he has complied with the conditions of his pretrial release, timely appeared for all court proceedings, never left the Northern District of Oklahoma, and has committed no new crimes. Id. at 3. Defendant contends that his appeal presents a substantial question of law because: (1) in its opinion and order denying defendant's motion to enforce the Arterbury I suppression order, the Court characterized the collateral estoppel issue that defendant intends to appeal as one of first impression; and (2) if the Tenth Circuit vacates the Court's opinion and order as to the collateral estoppel issue, a reversal of defendant's conviction will likely result. Id. at 3-5 (quoting Dkt. # 23, at 7).

Plaintiff agrees that the governing authority in this case is § 3143(b) as interpreted by Affleck and does not argue that defendant is likely to flee, poses a danger to the community, is bringing this appeal for purposes of delay, or that, should the Tenth Circuit decide the collateral estoppel issue in his favor, reversal of his conviction is not probable. Dkt. # 37, at 2. But plaintiff contends that defendant's appeal does not present a substantial question of law because defendant "points to nothing that suggests the Tenth Circuit might disagree with the Court's ruling." Id. at 2-3.

The Court finds that, under 3143(b) as interpreted by Affleck, defendant's motion for release on bond with conditions pending appeal (Dkt. # 35) should be granted. Section 3143(b) provides, in pertinent part,:

> (b) **Release or detention pending appeal by the defendant.**—**(1)** Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> (i) reversal . . . .
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title . . . .

18 U.S.C. § 3143(b). In interpreting this statute, the Tenth Circuit has held:

> [I]n order to grant bail pending appeal, a court must find that the defendant has met his burden of proving by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or to the community if released under § 3143(b)(1), and that he has established under § 3143(b)(2) that the appeal is not for purpose of delay, and: [1.] that the appeal raises a substantial question of law or fact; and [2.] that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal . . . .

Affleck, 765 F.2d at 953. In defining "substantial question of law," the Tenth Circuit explained that such a question "is one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." Id. at 952 (quotation omitted). The Tenth Circuit noted that a question of first impression is not necessarily substantial because it may have remained unanswered due to its lack of merit. Id. Ultimately, the

4

Tenth Circuit opined, whether a particular question is substantial must be determined on a case-by-case basis. Id.

The Court finds by clear and convincing evidence that plaintiff is neither a flight risk nor a danger to the community. Plaintiff does not argue that defendant is either, and the Court has confirmed with the United States Probation Office that defendant has complied with his conditions of pretrial release. In addition, the Court finds that defendant's appeal is not for purposes of delay. Plaintiff does not argue that it is, and defendant has given the Court no reason to believe that his appeal is a dilatory tactic. The Court also finds, and plaintiff does not contest, that if defendant's appeal of the collateral estoppel issue is determined favorably to him, his conviction will probably be reversed because the evidence against him will be suppressed in accordance with the Arterbury I suppression order.

Defendant's motion for release on bond, therefore, presents but one contested issue. That is, whether defendant's appeal raises a substantial question of law under Afflek. The Court finds that it does, but not just because, in the Court's view, the collateral estoppel issue that defendant appeals is one of first impression. Rather, because—although the Court remains firm in its conviction that it reached the right legal result as to this issue—it is possible that a reasonable mind could come to a different conclusion as to this complex and novel issue, which implicates a criminal defendant's important Fifth Amendment right not to be twice put in jeopardy for the same offense.

Accordingly, because the Court finds that defendant is neither a flight risk nor a danger to the community, and that his appeal is not for purposes of delay and involves a substantial question of law that, if determined favorably to him, would likely result in reversal, defendant's motion for release on bond with conditions pending appeal (Dkt. # 35) is **granted**.

5

**IT IS THEREFORE ORDERED** that, defendant's motion for release on bond with conditions pending appeal (Dkt. # 35) is **granted,** and his unopposed motion, in the alternative, to be allowed to self-report to BOP facility (Dkt. # 36) is **moot**.

**IT IS FURTHER ORDERED** that, the conditions of pretrial release currently imposed on defendant shall continue unmodified throughout the appellate process.

**IT IS FURTHER ORDERED** that, if defendant's conviction and sentence are affirmed on appeal, he shall self-surrender to the designated BOP facility within 45 days of the mandate.

**DATED** this 2nd day of August, 2018.

*[Signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE