AO 245B    (Rev. 10/17) Judgment in a Criminal Case
           Sheet 1

# UNITED STATES DISTRICT COURT
## Northern District of Oklahoma

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br>SCOTT FREDRICK ARTERBURY | ) **JUDGMENT IN A CRIMINAL CASE**<br>)<br>) Case Number:    4:18CR00056–1<br>) USM Number:    13850-062<br>)<br>) Jimmy Lance Hopkins<br>   Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count    One of the Indictment

☐ pleaded nolo contendere to count(s)
   which was accepted by the Court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) | Possession of Child Pornography | 11/10/15 | 1 |

The defendant is sentenced as provided in this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)    ☐ is    ☐ are    dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.  If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

August 7, 2018
Date of Imposition of Judgment

*/s/ Claire V. Eagan*
Signature of Judge

Claire V. Eagan, United States District Judge
Name and Title of Judge

August 8, 2018
Date

AO 245B   (Rev. 10/17) Judgment in Criminal Case
         Sheet 2 — Imprisonment

DEFENDANT:         Scott Fredrick Arterbury
CASE NUMBER:       4:18CR00056-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:   Thirty-seven months.

☒ The Court makes the following recommendations to the Bureau of Prisons:

The Court recommends that the defeneant be placed in a facility that is able to provide the most intensive sex offender treatment program available. Further, the Court recommends that the defendant be placed in a facility as close to Tulsa, Oklahoma, as possible.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

   ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☒ as notified by the United States Marshal.  If defendant's conviction and sentence are affirmed on appeal, he shall self-surrender to the designated Bureau of Prisons' facility within forty-five days of the mandate.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:



Defendant delivered on _____ to _____

at _____ , with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By

_____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 10/17) Judgment in a Criminal Case
Sheet 3 — Supervised Release

DEFENDANT: Scott Fredrick Arterbury
CASE NUMBER: 4:18CR00056-1

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: Five years.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B   (Rev. 10/17) Judgment in a Criminal Case
　　　　　Sheet 3A — Supervised Release

DEFENDANT:       Scott Fredrick Arterbury
CASE NUMBER:     4:18CR00056-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by the probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

.

AO 245B   (Rev. 10/17) Judgment in a Criminal Case
         Sheet 3B — Supervised Release

DEFENDANT:        Scott Fredrick Arterbury
CASE NUMBER:      4:18CR00056-1

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall abide by the "Special Sex Offender Conditions" previously adopted by the Court, as follows:

1. The defendant shall register pursuant to the provisions of the Sex Offender Registration Notification Act (SORNA) (Public Law 109-248) and any applicable state registration law.
2. The defendant shall participate in and successfully complete sex offender treatment, to include a risk assessment and physiological testing, at a program or by a therapist and on a schedule approved by the probation officer. The defendant shall abide by the rules, requirements, conditions, policies and procedures of the program to include specific directions to undergo periodic polygraph examinations or other types of testing as a means to ensure that the defendant is in compliance with the requirements of his/her supervision or treatment program. The defendant shall waive any right of confidentiality in any treatment or assessment records to allow the probation officer to review the course of treatment and progress with the treatment provider. The defendant may be required to contribute to the cost of services rendered (co-payment) in an amount to be determined by the probation office, based on the defendant's ability to pay.
3. Except for immediate family members,[1] the defendant shall have no contact with persons under the age of 18 unless approved by the probation officer. The defendant will immediately report any unauthorized contact with persons under the age of 18 to the probation officer. The defendant will not enter or loiter within 100 feet of schools, parks, playgrounds, arcades, or other places frequented by persons under the age of 18.
4. The defendant shall not possess or view photographs, images, books, magazines, writings, drawings, videos, or video games depicting or describing sexually explicit conduct or child pornography, as defined in 18 U.S.C. § 2256(2) or § 2256(8), or patronize places where such materials or images are available.
5. The defendant shall submit his/her person, property, residence, office, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), electronic communication devices, data storage devices, or media, to a search, conducted by the probation officer at a reasonable time and in a reasonable manner, based on a reasonable suspicion of contraband or evidence of a violation of a condition of release (except as set forth in the Computer and Internet Restriction Condition (Paragraph 8(b)), if imposed). Failure to submit to a search may be grounds for revocation. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.
6. The defendant shall only use electronic communications devices or data storage devices approved in advance by the probation officer and accessible to a complete forensic search by the Probation Office.
7. The defendant shall abide by the following financial conditions:
    a. The defendant must provide the probation officer access to any requested financial information and authorize the release of any financial information. The Probation Office will share financial information with the United States Attorney's Office.
    b. The defendant must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.
8. The defendant shall abide by the following computer restrictions and monitoring conditions:
    a. The defendant shall disclose all e-mail accounts, internet connections and internet connection devices, including screen names, user identifications, and passwords, to the probation officer; and shall immediately advise the probation officer of any changes in his/her email accounts, connections, devices, or passwords.
    b. The defendant shall allow the probation officer to install computer monitoring software on any computer, as defined by 18 U.S.C. § 1030(e)(1), that the defendant owns, utilizes or has the ability to access. To ensure compliance with the computer monitoring condition, the defendant shall allow the probation officer to conduct periodic, unannounced searches of any computer subject to computer monitoring. These searches shall be conducted for the purposes of determining whether the computer contains any prohibited data prior to installation of the monitoring software; to determine whether the monitoring software is functioning effectively after its installation; and to determine whether there have been attempts to circumvent the monitoring software after its installation. Additionally, the defendant shall warn other people who use these computers that the computers may be subject to searches pursuant to this condition.
    c. The defendant shall not access any on-line service using an alias, or access any on-line service using the internet account, name, or designation of another person or entity; and shall report immediately to the probation officer access to any internet site containing prohibited material.
    d. The defendant is prohibited from using any form of encryption, cryptography, stenography, compression, password protected files or other methods that limit access to, or change the appearance of, data and/or images.
    e. The defendant is prohibited from altering or destroying records of computer use, including the use of software or functions designed to alter, clean or "wipe" computer media, block monitoring software, or restore a computer to a previous state.
9. The defendant shall not lease, maintain, or share a post office box, mail drop, or any other repository for mail or package delivery, without prior written permission of the probation officer..

---

[1] "Immediate family member" is defined as siblings, children, grandchildren, persons to whom the offender stands in *loco parentis,* and persons living in the offender's household and related by blood or marriage.

AO 245B    (Rev. 10/17) Judgment in a Criminal Case
        Sheet 3B — Supervised Release

DEFENDANT:            Scott Fredrick Arterbury
CASE NUMBER:       4:18CR00056-1

The defendant shall successfully participate in a program of testing and treatment, to include inpatient treatment, for drug and alcohol abuse, at a treatment facility and on a schedule determined by the probation officer. The defendant shall abide by the policies and procedures of the testing and treatment program to include directions that the defendant undergo urinalysis or other types of drug testing consisting of no more than eight tests per month if contemplated as part of the testing and treatment program. The defendant shall waive any right of confidentiality in any records for drug and alcohol treatment to allow the probation officer to review the course of testing and treatment and progress with the treatment provider.

The defendant shall successfully participate in a program of mental health treatment and follow the rules and regulations of the program. The probation officer, in consultation with the treatment provider, will determine the treatment modality, location, and treatment schedule. The defendant shall waive any right of confidentiality in any records for mental health treatment to allow the probation officer to review the course of treatment and progress with the treatment provider. The defendant must pay the cost of the program or assist (co-payment) in payment of the costs of the program if financially able.

## U.S. Probation Officer Use Only

A U.S Probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this Judgement containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions,* available at: www.uscourts.gov.


Defendant's Signature _____        Date _____

AO 245B   (Rev. 10/17) Judgment in a Criminal Case
    Sheet 5 — Criminal Monetary Penalties

DEFENDANT:    Scott Fredrick Arterbury
CASE NUMBER:    4:18CR00056-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments.

|  | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $ 100 | N/A | N/A | $6,000 |

☐ The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**\*\* | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **Carol L. Hepburn**<br>In Trust for Violet (at School)<br>200 First Avenue West, Suite 550<br>Seattle, Washington 98119 |  | $1,000 |  |
| **Marsh Law Firm PLLC**<br>In Trust for Andy (Sponge Bob)<br>Attention: Andy<br>548 Market Street, #65135<br>San Francisco, California 94104 |  | $1,000 |  |
| **Deborah A. Bianco**<br>In Trust for "Pia" (Sweet Sugar)<br>14535 Bellevue-Redmond Road, Suite 201<br>Bellevue, Washington 98007 |  | $1,000 |  |
| **Tara**<br>Post Office Box 1890<br>Lafayette, Georgia 30728 |  | $1,000 |  |
| **Carol L. Hepburn**<br>In Trust for Sierra (Jan_Socks)<br>200 First Avenue West, Suite 550<br>Seattle, Washington 98119 |  | $1,000 |  |
| **Carol L. Hepburn**<br>In Trust for Sally (Jan_Socks)<br>200 First Avenue West, Suite 550<br>Seattle, Washington 98119 |  | $1,000 |  |
| **TOTALS** | $ _____ | $ 6,000 |  |

☐ Restitution amount ordered pursuant to Plea Agreement  $ _____

☒ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the Judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The Court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

    ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 10/17) Judgment in a Criminal Case
           Sheet 6 — Schedule of Payments

DEFENDANT:       Scott Fredrick Arterbury
CASE NUMBER:     4:18CR00056-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $ __100__ due immediately, balance due

    ☐ not later than _____ , or

    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this Judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 90 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

Any monetary payment is due in full immediately, but payable on a schedule to be determined pursuant to the policy provision of the Federal Bureau of Prisons' Inmate Financial Responsibility Program if the defendant voluntarily participates in this program. If a monetary balance remains, payment is to commence no later than 60 days following release from imprisonment to a term of supervised release in equal monthly payments of $100 or 10% of net income (take home pay), whichever is greater, over the duration of the term of supervised release and thereafter as prescribed by law for as long as some debt remains. Notwithstanding establishment of a payment schedule, nothing shall prohibit the United States from executing or levying upon property of the defendant discovered before or after the date of this Judgment.

Unless the Court has expressly ordered otherwise, if this Judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
Computer and peripheral equipment is forfeited as directed in the Agreed Order of Forfeiture of Computers and Peripheral Equipment, Dkt. # 32.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessments, (8) penalties, and (9) costs, including cost of prosecution and court costs.